**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

October 19, 2021

LETTER TO COUNSEL

RE:   *Brandee B. v. Commissioner, Social Security Administration*
      Civil No. SAG-20-3139

Dear Counsel:

On October 28, 2020, Plaintiff Brandee B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff was found disabled beginning February 1, 1992. Tr. 15. Following a continuing disability review in February 2018, SSA determined Plaintiff was no longer disabled. Tr. 90-92. Plaintiff appealed this determination, but her claim was denied on reconsideration. Tr. 130-31. A hearing was held on December 4, 2019, before an Administrative Law Judge ("ALJ"). Tr. 38-68. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-36. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, depression, anxiety, and borderline intellectual functioning." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can never climb ladders, ropes or scaffolds. She can have no exposure to hazards. She can understand, remember and carry out simple instructions and have occasional interaction with co-workers and supervisors and can have no interaction with the general public. She can perform simple, routine tasks in a low stress environment.

*Brandee B. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3139
October 19, 2021
Page 2

Tr. 20.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a cashier, but that she could perform other jobs existing in significant numbers in the national economy.  Tr. 30-31.  Therefore, the ALJ concluded that Plaintiff's disability ended on April 1, 2008, and Plaintiff has not become disabled again since that date.  Tr. 31.

On appeal, Plaintiff argues that the ALJ erred by giving little weight to the opinion of Plaintiff's treating therapist, Meghann Mulherin, LSCW-C, in violation of 20 C.F.R. § 416.927.  ECF No. 18.  For claims filed before March 27, 2017,[1] SSA "will evaluate every medical opinion we receive" according to factors such as whether the source examined and/or treated the plaintiff, whether the "source presents relevant evidence to support a medical opinion," whether the source's opinion is consistent with "the record as a whole," and whether the source is a specialist, among other factors.  20 C.F.R. § 416.927(c).  Yet, Plaintiff admits that licensed social workers such as Ms. Mulherin are not considered acceptable medical sources under this regulation.  ECF No. 18-1 at 9 (citing 20 C.F.R. § 416.902(a)).  Opinions from those professionals deemed not acceptable medical sources will be considered using the same factors set forth above, but "not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion . . . depends on the particular facts in each case."  20 C.F.R. § 416.927(f)(1).

Here, the ALJ discussed Ms. Mulherin's medical source statement, in which she opined that Plaintiff had multiple marked and extreme limitations, including "marked limitations in her ability to interact appropriately with the general public and her ability to respond appropriately to criticism from co-workers" and "an extreme limitation in her ability to respond appropriately to changes in the work setting."  Tr. 29 (citing Tr. 596-599).  The ALJ gave Ms. Mulherin's opinion little weight because she was not an acceptable medical source and because "the medical evidence does not support a finding that [Plaintiff] is as limited as opined."  Tr. 29.  The ALJ further discussed Plaintiff's mental health treatment history in Plaintiff's RFC, including her treatment with Ms. Mulherin, and noted that the record indicated that Plaintiff was "making good progress," "stable[,] and 'feeling good,' with little depression/anxiety."  Tr. 27-28.  Additionally, the ALJ gave significant and great weight to the state agency psychological consultants' determinations, which found that Plaintiff "had moderate limitations in her ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and a mild limitation in her ability to manage or adapt oneself."  Tr. 28-29.  Accordingly, the ALJ found that Ms. Mulherin's medical source statement was not consistent with "the record as a whole."  20 C.F.R. § 416.927(c).  While the ALJ did not specifically go through each of the factors presented in 20 C.F.R. § 416.927(c) in her evaluation of Ms. Mulherin's statement, "not every factor for weighing opinion evidence will apply in every case."  *Id.*  Moreover, the ALJ's overall evaluation of the record is dispositive, not the fact that some of the analysis of the evidence regarding Ms. Mulherin's treatment occurred outside the paragraph assessing her opinion evidence.

---

[1] Plaintiff argues that her claim should be considered to have been filed before March 27, 2017, because "this is the first continuing disability review initiated after March 27, 2017."  ECF No. 18-1 at 8 n.3 (citing 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017), SSA POMS DI 24503.050).  SSA does not provide any argument to rebut Plaintiff's interpretation.

*Brandee B. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3139
October 19, 2021
Page 3

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ provided substantial evidence to support her conclusion that Ms. Mulherin's assessment was not consistent with the evidence of record. Remand on this basis is therefore unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 18, is DENIED, and Defendant's Motion for Summary Judgment, ECF 19, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge